UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVE BOMHOFF, *et al*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. C-10-303 |
| ALLSTATE TEXAS LLOYD, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiffs Steve and Shirley Bomhoff's ("Plaintiffs") Motion to Join Party (Dkt. No. 21), to which Defendant Allstate Texas Lloyds has responded (Dkt. No. 22). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Plaintiffs' motion should be **DENIED**.

**I. Factual and Procedural Background**

In September 2008, Allstate Texas Lloyds issued a Texas Homeowners' Insurance Policy to Plaintiffs, who are Texas residents. After Plaintiffs' home was burglarized in December 2008, Plaintiffs submitted a claim for stolen personal property. However, "Allstate" refused to pay the claim in full and then closed the claim "under the fraudulent allegation that the Bomhoff's [*sic*] requested to close the claim." (Pl. Original Petition, Dkt. No. 15, Ex. 1 at 4, ¶ 5.)

On January 6, 2010, Plaintiffs filed suit in the County Court at Law No. 1, Nueces County, Texas, alleging that Allstate, A/K/A and D/B/A Allstate Texas, Lloyds, Inc.; Allstate Texas Lloyds; and Allstate North Texas Proper, engaged in unfair settlement practices and fraud with regard to Plaintiffs' insurance claim, breached the insurance contract, improperly failed to pay Plaintiffs' claim, and violated the Texas Deceptive Trade Practices Act. (*Id.*) On July 16,

1

2010, Allstate; Allstate Texas, Lloyds, Inc.; and Allstate North Texas Proper moved for summary judgment in state court on the grounds that they were improper defendants, since the policy was issued by Allstate Texas Lloyds. (Dkt. No. 15, Ex. 1 at 18.) The state court granted partial summary judgment, leaving Allstate Texas Lloyds as the lone remaining defendant. (*Id.*, Ex. 1 at 22.)

On September 17, 2010, Allstate Texas Lloyds (hereinafter "Allstate"), a citizen of the State of Illinois, removed the case to this Court pursuant to 28 U.S.C. § 1332, on the grounds that complete diversity exists between the Parties and the amount in controversy exceeds $75,000. Plaintiffs now move to join Robert Flores ("Flores")—the Allstate insurance agent that sold Plaintiffs their homeowners' policy—as a defendant in this case. Allstate opposes Plaintiffs' motion on the grounds that Plaintiffs are merely attempting to destroy diversity jurisdiction, since Flores is a Texas resident.

**II. Legal Standard**

"Federal courts are courts of limited jurisdiction 'having only the authority endowed by the Constitution and that conferred by Congress.'" *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). A federal district court may exercise original diversity jurisdiction under 28 U.S.C. § 1332 only if the plaintiffs and the defendants are completely diverse. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Id.*

The Fifth Circuit has recognized two ways for a defendant to show improper joinder[1] for purposes of federal diversity jurisdiction: (1) the plaintiff's inability to establish a claim under state law against the non-diverse defendant; or (2) actual fraud in pleading jurisdictional facts. *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573). Since Allstate has not alleged actual fraud, the relevant test here is whether Allstate has shown "absolutely no possibility" Plaintiffs will be able to establish a cause of action or that no "reasonable basis" exists for Plaintiffs' recovery against Flores. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (noting that these two seemingly different tests are equivalent). "The Fifth Circuit has stressed that the burden of persuasion on those who claim improper joinder is a heavy one." *KIW, Inc. v. Zurich Amer. Ins. Co.*, 2005 WL 3434977, at *2 (S.D. Tex. Dec. 15, 2005) (citing *Travis*, 326 F.3d at 647) (internal quotation marks omitted).

"'If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder.'" *Harris v. New Werner Holding, Co. Inc.*, 2009 WL 1211409, at *2 (N.D. Tex. May 1, 2009) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)) (alteration in *Harris*). A "reasonable basis" means more than a mere hypothetical basis. *Kuykendahl-WP Retail I, L.P. v. Wild Oats Mkts Inc.*, 2008 WL 728149, at *2 (S.D. Tex. Mar. 18, 2008) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). If there is a reasonable possibility that the plaintiff may recover on any of his claims, the case must be remanded. *Harris*, 2009 WL 1211409, at *2. In making this determination, "a court does not 'decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a

---

1. Although there is no substantive difference between the two terms, in the context of analyzing diversity jurisdiction, the Fifth Circuit has replaced "fraudulent joinder" with "improper joinder" as the preferred terminology. *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 568 n.1 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)).

[reasonable] possibility that [the plaintiff] may do so.'" *Harris*, 2009 WL 1211409 at *2 (quoting *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (alterations in *Harris*).

"In determining whether a plaintiff has a 'reasonable basis' for recovery under state law, a court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *KIW*, 2005 WL 3434977, at *2 (quoting *Smallwood*, 385 F.3d at 573). In this 12(b)(6)-type analysis, the Court construes the plaintiff's complaint in the light most favorable to it, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See Prime Income Asset Mgmt. Co., Inc. v. Waters*, 2007 WL 2229050, at *2 (N.D. Tex. Aug. 3, 2007) (citing *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)).

**III. Analysis**

In their motion to join Flores, Plaintiffs state that "they specifically requested insurance for their jewelry" from Flores, after which the "premium for their homeowners policy was then raised markedly." (Dkt. No. 21 ¶ 2.) However, after their home was burglarized, Allstate refused to pay for stolen jewelry. (*Id.*) Plaintiffs' motion does not set forth what state law causes of action they intend to bring against Flores based on these alleged facts, nor have Plaintiffs provided the Court with a proposed amended complaint. Thus, the Court cannot conduct a Rule 12(b)(6)-type analysis to determine whether Plaintiffs have stated a claim against Flores under state law.

The Court notes that Allstate has acknowledged that Plaintiffs may be able to bring a state law cause of action against Flores, stating in response to Plaintiffs' motion that "[i]f the Plaintiffs believe that their agent breached a duty to provide specific coverage that was requested, they are free to file suit against the agent." (Dkt. No 22 ¶ 8.) Assuming that Plaintiffs

did bring such a claim against Flores, Plaintiffs' claims against Allstate and Flores would both arise out of the same transaction, *i.e.*, the homeowners' policy. Likewise, whether Plaintiffs' jewelry was or should have been covered under the policy would be a question of fact common to both Allstate and Flores. Under those circumstances, joinder would be permissible under FED. R. CIV. P. 20(a)(2)(B).

The Court finds that because Plaintiffs have failed to state a claim against Flores under state law, their motion to join Flores as a defendant should be denied at this time. However, Plaintiffs should be granted leave to reurge their motion.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Join Party (Dkt. No. 21) is **DENIED** without prejudice.

2. Plaintiffs may, within 30 days after entry of this Order, reurge their motion to join Flores as a defendant in this case. Any such motion must include a copy of Plaintiffs' proposed amended complaint.

It is so **ORDERED**.

**SIGNED** this 26th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE